Prepared by State Reporter from Appeal Papers

ANTHONY BELLOTTI, Respondent, *v.* HURON STEVEDORING CORPORATION, Appellant.

*Negligence — ships and shipping — longshoreman injured from falling down hatchway while loading vessel.*

*Bellotti* v. *Huron Stevedoring Corp.*, 218 App. Div. 867, affirmed.
(Argued December 2, 1926; decided December 31, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 2, 1926, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant, his employer. Plaintiff, a longshoreman engaged in loading a vessel, was injured by falling through a hatchway while proceeding in the dark along one of the decks, by direction of his foreman, to procure a tool required in the performance of his work. There was evidence that the foreman had told plaintiff that the hatches were closed.

*Don R. Almy* for appellant.

*Harold R. Medina, David M. Fink* and *Jacquin Frank* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

GEORGE DOYLE, Respondent, *v.* CHURCH E. GATES & CO., INC., Appellant.

*Negligence — motor vehicles — action for personal injuries through being struck by motor truck.*

*Doyle* v. *Gates & Co., Inc.*, 216 App. Div. 737, affirmed.
(Submitted December 3, 1926; decided December 31, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 12, 1926, affirming a judgment in favor of

Prepared by State Reporter from Appeal Papers

plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained through the negligence of defendant. The plaintiff while walking along Southern boulevard in the city of New York saw the defendant's lumber truck coming along and hailed the chauffeur and asked for a ride. The chauffeur stopped, let the plaintiff on and then proceeded on his way in a northerly direction up the hill on the boulevard. The chauffeur proceeded across Freeman street and brought his truck to a standstill at a point fifty feet beyond the crossing. The plaintiff testified that he then got down from the truck and started walking in an easterly direction to the sidewalk; that he took two small steps and was just about to take a third step when he was struck down and the rear right wheel of the truck passed over his left hand, inflicting the injuries complained of.

*Francis B. Holmes, Julian S. Eaton* and *Martin B. Faris* for appellant.

*Harold R. Medina* and *Fannie Horovitz* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

MANUFACTURERS TRUST COMPANY et al., as Administrators of the Estate of SAMUEL KRAUS, Deceased, Appellants, *v.* UNITED STATES MORTGAGE AND TRUST COMPANY, Respondent.

*Banks and banking — executors and administrators — bank not liable for funds belonging to estate checked out by executor for improper or unlawful purpose.*

*Manufacturers Trust Co.* v. *United States M. & T. Co.*, 213 App Div. 345, affirmed.

(Argued December 3, 1926; decided December 31, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial